Nott, J.
delivered the opinion of the Court.
. . . This was an action of assumpsit, for the price of certain articles furnished, and money advanc- ... the plaintiff, m aid of the Ferry Establishment, and the hire of the negroes which were # ° the subject of the suit, last disposed of: and the decision, in that case would he conclusive of this, were it not for one distinguishing feature, attempted to he shown in this case, to give jurisdiction to the Court. It is contended, that a settlement took place, between the parties, that a balance was struck, which was acknowledged by the defendant, and a promise made by him, to pay it. But the testimony did not establish that fact. The witness said, that the defendant put down, in writing, what he acknowledged to be due; but he objected to the mode of making the calculation. Tie refused to give his bond for it, and never did promise to pay. In order to give one partner an action against another, at law, there must be an express promise to pay. Chitty on Pleadings, 125, 2d Cains, 297. — 2d D. & E. 483. The mere acknowledgment of a co-partnership debt, is not sufficient ; there might be counter claims, that *417 would much diminish, or sweep it all away. The plaintiff himself could not have considered the settlement conclusive. For by that settle-merit, the negroes, for which he has since brought an action, and recovered a verdict, w.ere to have become the property of the defendant. That action, therefore, repels the idea of any contract on which this could be predicated. There are other strong reasons for granting a new trial in this case; but it is unnecessary to go into them. For, having determined that there was no promise to pay a specific sum, the same legal objection arises in this that arose in the last case, and it must have the same fate. A new trial must be granted.
Prioleau, for the motion.
Grimke and Richardson, contra.